UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MICHAEL R. WALKER #355799    )
                             )
v                            )    NO. 2:04-CV-40
                             )
ED GRAYBEAL, Sheriff; BRENDA )
DOWNES, Chief; and DON       )
FINLEY, Captain              )

**MEMORANDUM and ORDER**

Michael R. Walker, a state prisoner in the Washington County Detention Center (WCDC) in Jonesborough, Tennessee, brings this *pro se* civil rights action under 42 U.S.C.§ 1983, seeking for injunctive relief. He is **ASSESSED** the civil filing fee of one hundred, fifty dollars ($150.00).[1] The custodian of his inmate trust account at the facility wherein he resides is required to submit to the Clerk of Court, as an initial partial filing fee, twenty percent (20%) of the greater of:

(1) the average monthly deposits to his account <u>or</u>

(2) the average monthly balance in his account for the 6-month period immediately preceding the filing of the complaint.

---

[1] The filing fee was increased to $250 on February 7, 2005. The plaintiff is being assessed the old filing fee since he filed this case before the fee-increase.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding month's income (or income credited to his account for the preceding month) to the Clerk, but only when the monthly income exceeds ten dollars ($10.00), until the $150.00 filing fee has been paid in full.[2] 28 U.S.C. § 1915(a) and (b)(1) and (b)(2).

The plaintiff alleges five claims in his complaint, the first of which is that inmates have inadequate access to the law library since it can take several weeks to gain admittance to the law library, which is inadequate at any rate. A prisoner has a First Amendment right "to petition the Government for redress of grievances," and this includes a right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). In order to succeed on a claim for denial of access to the courts, the plaintiff must show that the alleged deficiencies in the law library have actually impeded his efforts to pursue a non-frivolous legal claim regarding his conviction or conditions of confinement. *Lewis v. Casey*, 518_ U.S. 343, 351 (1996). In effect, a prisoner must plead an actual legal injury, such as the untimely filing or a court document, which has been caused by a prison rule or an alleged shortcoming in the law library. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.

---

[2] Send the payments to: Clerk, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743

1996). Here, the plaintiff does not contend that he has suffered actual injury in his efforts to litigate a non-frivolous claim, and thus, he fails to state a claim for denial of his right of access to the courts.

The plaintiff's second claim is that inmates are not permitted to use the recreation yard unless the temperature is 45 degrees, and that, even though the WCDC has a gymnasium—which could be used as an alternate recreation area when the "temperature rule" is in effect, state inmates are denied access to this facility. The Sixth Circuit has not established a minimum amount of outdoor exercise required to avoid violating a prisoner's Eighth Amendment rights. *See Rodgers v. Jabe*, 43 F.3d 1082, 1086-87 (6th Cir.1995). However, it has found that "a total or near total deprivation of exercise or recreational opportunity without penal justification" will violate the Eighth Amendment. *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983). Nothing alleged by the plaintiff approaches a total or near total deprivation of exercise. The plaintiff's complaint implies that he was confined for some seven weeks in the WCDC (see Compl., ¶ IV at 1 in the handwritten attachment), yet he does not allege how many days of that 7-week period he was denied outdoor exercise because of the temperature rule. Nor does he maintain that he suffered any serious pain as a result of missed recreation periods. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Rhodes v. Chapman*, 452

U.S. 337, 346-47 (1981) (holding that jail conditions violate the Eighth Amendment when they involve wanton and unnecessary infliction of pain and result in <u>serious</u> deprivation of human needs) (emphasis supplied). The plaintiff's allegations that WCDC places temperature restrictions on outdoor exercise is insufficient to state a constitutional claim.

In his third claim, the petitioner alleges that the WCDC is overcrowded, with an excessive number of inmates housed in his unit, which "may/does result in unsanitary conditions in the unit." Overcrowding, though not unconstitutional in and of itself, is actionable when it results in specified conditions that deprive the inmate of the minimal civilized measure of life's necessities. *Id.* at 348; *Carver v. Knox County, Tenn.*, 887 F.2d 1287, 1289 (6th Cir. 1989). Here, the plaintiff's contentions that the overcrowding "may/does" cause "unsanitary conditions" are vague and conclusory. He does not allege a specific instance in which the overcrowding caused a lack of sanitation, and the Court is not required to conjure up unpled allegations. *See Scheid v. Fanny Farmer Candy Shops*, 859 F.2d 434, 437 (6th Cir.1988). Moreover, a claim that overcrowded conditions "may" result in unsanitary conditions is speculative and does not present an actual "case or controversy" which this Court can consider. *North American Natural Resources,*

*Inc. v. Strand*, 252 F.3d 808, 812-13 (6th Cir. 2001). These allegations are also insufficient to state a § 1983 claim.

The next claim is that the food service is unsanitary because inmates do not have serving permits and because the food is transported on food carts, which do not maintain adequate temperatures for the food. Moreover, the food sits on the food cart for 15-20 minutes before it is consumed by the inmates. The plaintiff's allegations chiefly concern the quality of the meals served at the jail. Allegations about the quality of prison fare do not constitute the wanton and unnecessary infliction of pain upon an inmate. *Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977). Moreover, the plaintiff has not shown that keeping the food at an inadequate temperature has caused him to sustain any harm. The Constitution does not require that an inmate's meals be tasty, only that they be nutritionally adequate. These allegations do not state an Eighth Amendment claim either.

His last claim is that inmates are denied or refused grievance forms, which violates their right to file grievances. Once again, the plaintiff's allegations do not state a claim because there is no inherent constitutional right to an effective prison grievance procedure, and a facility's creation of such a procedure does not create a federal constitutional right to one. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994).

Finally, the plaintiff indicates that he has named, as defendants, three WCDC officials due to their "position of authority" over him. Clearly, the plaintiff is seeking to impose supervisory liability on these defendants, but § 1983 liability must be based on more than respondeat superior. *See Taylor v. Michigan Dep't of Corrections,* 69 F.3d 76, 80-81 (6th Cir.1995). Absent some showing that these defendants authorized, approved, or knowingly acquiesced in any alleged unconstitutional conduct, the plaintiff has failed to state a § 1983 claim against them. *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir.1993).

Accordingly, because the plaintiff has failed to state a claim that would entitle him to relief under § 1983, his suit will be dismissed.[3]

A separate order will enter.

    ENTER:

                                       s/Thomas Gray Hull
                                       THOMAS GRAY HULL
                                        SENIOR U. S. DISTRICT JUDGE

---

[3] When a complaint fails to state a claim in the first place, a court need not consider whether a plaintiff had exhausted his administrative remedies as required under 42 U.S.C. § 1997e(a). *See Brown v. Toombs*, 139 F.3d. 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998).